**[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 79.]**

DAYTON BAR ASSOCIATION *v*. SUSCO.

[Cite as *Dayton Bar Assn. v. Susco*, 2000-Ohio-446.]

*Attorneys at law—Misconduct—Public reprimand—Dividing a fee for legal services with another lawyer without prior consent of client.*

(No. 99-2263—Submitted February 9, 2000—Decided May 24, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-12.

_____

{¶ 1} On February 5, 1999, relator, Dayton Bar Association, filed an amended complaint charging respondent, Michael E. Susco of Dayton, Ohio, Attorney Registration No. 0029660, with several violations of the Code of Professional Responsibility. Respondent waived his right to a formal hearing, and a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") considered the matter on stipulated facts.

{¶ 2} The panel found that in 1995, respondent, who practiced law almost exclusively in the area of workers' compensation, was handling approximately five thousand workers' compensation claims. About one thousand of those claims were "active," while the remaining claims were "dormant" due in part to changes in workers' compensation law that went into effect in early 1995.

{¶ 3} In an attempt to lighten his caseload, respondent decided to concentrate his practice upon clients whose workers' compensation claims had been appealed to the court of common pleas. Respondent agreed to suggest the Cincinnati law firm of Harris & Burgin to his other clients, and the firm agreed to pay respondent one third of each legal fee received from the client, based upon work performed, provided the client consented. Respondent did not notify his clients of the fee agreement with Harris & Burgin, nor did he obtain a written

agreement from the clients concerning the division of fees. Respondent also failed to notify his clients as to the identity of all the lawyers who would be sharing in the fee.

{¶ 4} In April 1996, respondent sent letters to his clients whose cases had not been appealed, suggesting that they contact Harris & Burgin. At least fifty of these letters were returned as undeliverable. Respondent attempted to obtain correct addresses for those clients, and sent the letter out at least two more times.

{¶ 5} Some of respondent's clients informed him that they did not want to be represented by Harris & Burgin. Respondent referred them to other law firms that specialized in workers' compensation with whom he did not have any fee arrangements.

{¶ 6} Based on these stipulated facts, the panel concluded that the respondent had violated DR 2-103(A) (except as authorized by the Disciplinary Rules, a lawyer shall not recommend employment of himself or an associate to a layperson who has not sought his advice) and 2-107(A) (a lawyer shall not divide a fee for legal services with another lawyer unless the client consents, and full responsibility is assumed by each attorney) of the Code of Professional Responsibility. In mitigation, the panel found that the respondent had cooperated with the investigation and that the events were unlikely to occur again. The panel recommended that respondent receive a public reprimand.

{¶ 7} The board concluded that respondent violated only DR 2-107(A) and recommended that respondent receive a public reprimand.

_____

*David P. Williamson*, for relator.

*Kegler, Brown, Hill & Ritter* and *Geoffrey Stern*, for respondent.

_____

***Per Curiam.***

{¶ 8} We adopt the findings, conclusion, and recommendation of the board. Respondent is hereby publicly reprimanded.  Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____