{¶ 119} I concur with the majority's holding that assignments of error two, four, five, six, seven, eight, nine, ten, and eleven are without merit. I disagree with the majority's determinations that the first and third assignments of error have merit and the twelfth assignment of error is moot.
 {¶ 120} There was evidence presented regarding the alleged kidnappings, which was independent of Robin Stewart's statement. In light of such independent evidence, I cannot say that the jury lost its way or was unreasonably influenced by Stewart's statement with respect to the kidnapping charges. Harrington v. California (1969), 395 U.S. 250, 254; accord State v. Krawetzki, 6th Dist. No. E-99-061, 2002-Ohio-2047, ¶ 59; State v. Pierre (June 8, 2000), 8th Dist. No. 76228, 2000 Ohio App. LEXIS 2475, at *18-*19.
 {¶ 121} Moreover, in Ohio, a voluntary confession, not made pursuant to a plea arrangement with the prosecution, which implicates both the accomplice and the defendant, has sufficient indicia of reliability for its admission. State v. Marshall (2000), 136 Ohio App.3d 742, 748
(citations omitted); accord State v. Anderson, 7th Dist. No. 01-CA-214,2003-Ohio-5439, at ¶ 30. The court read the transcript of the confession and heard arguments of counsel and ruled that the presumption of unreliability had been rebutted. Stewart was forthcoming in her confession. Her statements were voluntary and she was not under arrest or compulsion when she made them. The statements she made were against her interest and self-incriminating. Stewart did not attempt to place the blame on her accomplice. Stewart gained nothing from inculpating appellant in the crime, and she did not have a plea deal with the prosecutor. Therefore, the circumstances surrounding the confession and the contents of the confession rendered Stewart worthy of belief, following the trustworthy standard as laid out by the Ohio Supreme Court in State v. Madrigal (2000), 87 Ohio St.3d 378, 2000-Ohio-446, and the United States Supreme Court in Idaho v. Wright (1990), 497 U.S. 805.
 {¶ 122} For these reasons, I would affirm the decision of the Portage County Court of Common Pleas.